**CITIZENS ASSOCIATION OF GEORGE-TOWN, INC., Petitioner,**

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent,**

**Publick House, Inc., Intervenor.**

**No. 5959.**

District of Columbia Court of Appeals.

Argued Jan. 10, 1972.

Decided Jan. 24, 1972.

Rehearing En Banc Denied Feb. 28, 1972.

Courts Oulahan, Washington, D. C., for petitioner.

E. Calvin Golumbic, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Richard W. Bar-ton, Asst. Corporation Counsel, were on the brief, for respondent.

James F. O'Donnell, Washington, D. C., for intervenor.

Before HOOD, Chief Judge, and GALLAGHER and PAIR, Associate Judges.

PER CURIAM:

Citizens Association of Georgetown, Inc., (petitioner) seeks review and reversal of an order of the District of Columbia Alcoholic Beverage Control Board (respondent) granting a retail Class "C" license to Publick House, Inc., (intervenor) for the sale of alcoholic beverages at a restaurant to be operated at 3214–16–18 M Street, N.W.

After regularly scheduled hearing respondent found from ample evidence in the record that (1) the principal officers of intervenor corporation meet the requirements of the District of Columbia Alcoholic Beverage Control Act (D.C.Code 1967, § 25–115) and that the premises in question are appropriate under the requirements of the Act for the license desired. Accordingly it ordered that the license issue upon compliance with all remaining requirements of respondent and other municipal agencies.

Petitioner, through counsel, appeared at the hearing in opposition to the issuance of the license. It offered no evidence. It did freely cross-examine intervenor's witnesses, but no contention is made here that intervenor's case was in any way weakened by the cross-examination. In addition to the testimony there were filed with respondent the written objections to issuance of the license of 23 residents of Georgetown, but such objections were not filed by or on behalf of petitioner. On behalf of intervenor there were filed the consents of more than 250 persons, many of whom lived or owned property in Georgetown.

In urging reversal petitioner asserts three errors. One questions the reference in respondent's findings to the "to-

ken" opposition. Perhaps that was not the best characterization of the opposition, but in view of the fact that petitioner offered no evidence and the individual objectors did nothing more than note their objections, we find no substantial error in such characterization. It appears that respondent did nothing more than state that the overwhelming evidence supported intervenor.

 Error is also claimed with respect to a "double standard of evidentiary evaluation." This claim appears to be based on the fact that respondent in this case credited the testimony of a "junior police officer" but in some other case discredited the testimony of a "senior police officer." We find no merit in this contention.

Petitioner's third point, the one most vigorously urged, relates to the denial by respondent of petitioner's motion "to produce documents." The motion sought to make available to petitioner, prior to or at the hearing, "all documents bearing on" the application, with particular reference to "all non-privileged communications" between intervenor and respondent. Considerable discussion took place at the hearing relating to intervenor's lease for the premises in question. Intervenor, for "competitive" reasons, did not wish its entire lease to be made public, but eventually agreed that the lease be put in evidence. This was the only specific document discussed.

There was some discussion regarding the possibility of the existence of investigative reports in the file of respondent and intervenor's right to inspect such reports. It appears to be routine procedure for respondent to secure preliminary investigative reports prior to hearings on applications. If such reports are officially noticed by respondent or relied on in consideration of the application, such reports should be placed in the record and thus made available to all parties.

Here there is no indication of reliance by respondent on any investigative report, and there is a statement by one member of respondent, during the discussion, that respondent would rely only on the public record. In the summary statement of facts accompanying its decision, respondent made reference only to the evidence produced at the hearing. Under these circumstances we cannot assume respondent improperly considered matters not of record.

We are commanded by the Court Reform Act (D.C.Code 1967, § 11–721(e) (Supp. IV, 1971)) in "any appeal in any case" to give judgment "without regard to errors or defects which do not affect the substantial rights of the parties."[1] This language is broad enough to include review of administrative agency orders.

Affirmed.

---

1. *See also* the District of Columbia Administrative Procedure Act authorizing this court to "invoke the rule of preju-

dicial error." D.C.Code 1967, § 1–1510 (Supp. IV, 1971).